other owns assets amounting to millions, as in the case of the Insurance Company, and especially since the interests of numerous policyholders were involved. In a case like this, where the suit is by minority stockholders, interested to a comparatively small degree, every reasonable construction will be given to the allegations of the pleadings consistent with leaving the affairs of the company in the hands of those chosen by the majority stockholders.

4.　We are requested to review and overrule the case of *Alexander* v. *Searcy,* 81 *Ga.* 536 (supra). After carefully considering and reviewing that case, we decline to overrule it. We not only think the case, as decided, is founded upon correct principles, but it has been adhered to in other cases, and the portion of it which supports this ruling has become a part of the Civil Code (1910), and is found in section 2224.

*Judgment affirmed. All the Justices concur, except Russell. C. J., dissenting, and Hill, J., disqualified.*

---

STEWART, superintendent, *et al. v.* DURHAM *et al.*

This case came before this court upon a writ of error from the superior court of Turner county; and after argument had, the question being whether the court below erred in granting an injunction, and the case being for decision by a full bench of six Justices who are evenly divided in opinion, Russell, C. J., and Atkinson and Gilbert, JJ., being of the opinion that the judgment should be affirmed, and Beck, P. J., and Hill and Hines, JJ., being of the contrary opinion, the judgment of the court below stands affirmed by operation of law.

　　　　　No. 3398.　May 17, 1923.

Injunction. Before Judge Eve. Turner superior court. August 8, 1922.

*A. S. Bussey,* for plaintiffs in error. *E. A. Rogers,* contra.

---

MADDOX, sheriff, *v.* COWART.

BECK, P. J. Where pending an accusation in a city court, charging the commission of a misdemeanor, a warrant was issued for the accused, and he was arrested by the sheriff of the city court, who assessed his bail at $1,000, and the accused filed his application to the judge of